UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARRYL WRIGHT,

Plaintiff,

-vs-

DECISION AND ORDER

ANTHONY J. ANNUCCI, GLENN PINKERT, MICHAEL
COWARD, MONROE MEDI-TRANS, INC., JON KUPPINGER,
AND GREGORY HOPKINS,

16-CV-6533-CJS-MWP

Defendants.

## APPEARANCES

| | |
|---|---|
| For Plaintiff: | Christopher D. Thomas, Esq. |
| | Steven M. Mafucci, Esq. |
| | Nixon Peabody LLP |
| | Clinton Square |
| | P.O. Box 31051 |
| | Rochester, NY 14603 |
| | (585) 263-1087 |
| For Defendants Pinkert & Hopkins: | Gary M. Levine. A.A.G. |
| | New York State Office of the Attorney General |
| | 144 Exchange Boulevard, Suite 200 |
| | Rochester, NY 14614 |
| | (585) 327-3223 |
| For Defendants Coward, Kuppinger & Monroe Medi-Trans, Inc. | Steven C. Shahan, Esq. |
| | Taddeo & Shahan, LLP |
| | 472 South Salina Street, Suite 700 |
| | Syracuse, NY 13202 |
| | (315) 422-6666 |

**Siragusa, J.** Plaintiff Darryl Wright ("Wright") brought a civil rights case *pro se* against

Defendants and the Court subsequently asked *pro bono* counsel to represent him. The case

is now before the Court on Defendants' motions for summary judgment, ECF No. 37, brought

by defendants Glenn Pinkert ("Pinkert"), Gregory Hopkins ("Hopkins"), and Anthony J. Annucci

("Acting Commissioner") (collectively "state defendants"), and ECF No. 38, brought by defendants Michael Coward ("Coward"), Jon Kuppinger ("Kuppinger") and Monroe Medi-Trans, Inc. (collectively "ambulance defendants"), both applications filed on June 15, 2018. For the reasons stated on the record at oral argument, and below, the Court denies the applications and will set the case down for a jury trial by separate order. It is noted that Plaintiff has voluntarily withdrawn his claims of intentional infliction of emotional distress and negligent hiring.

## BACKGROUND

The factual statements submitted by the parties pursuant to the local rule outline the basis of the complaint. Plaintiff's version of events that took place on January 17, 2016, in the yard at Attica Correctional Facility ("Attica"), and in the Monroe Medi-Trans ambulance differ significantly. Defendants contend Plaintiff was acting erratically while in the exercise yard at Attica, and resisted attempts by corrections officers to subdue him. Plaintiff does not allege any injuries from the corrections officers' successful effort to handcuff him and walk or drag him indoors, where he was eventually strapped to a gurney and placed inside a Monroe Medi-Trans ambulance for transport to the hospital. Defendants believed he was either reacting to a drug overdose or having a mental breakdown.

Once in the ambulance, but evidently before the vehicle left the prison grounds, Plaintiff alleges that Kuppinger, Pinkert and Hopkins were with him in the back of the ambulance, and that Coward drove the ambulance. Plaintiff was restrained on the gurney and contends that Pinkert sexually assaulted him while the other defendants in the back of the ambulance assisted in the assault. Defendants deny any such assault took place. The state defendants made video recordings, however, no video evidence exists for the time Plaintiff was in the ambulance. That is, the video documents only the activities at Attica and at the

hospital. Notwithstanding the obvious issue of fact, Defendants have moved for summary judgment arguing that Plaintiff's allegations are too fantastic for any jury to ever believe and, therefore, the Court may grant summary judgment.

## STANDARD OF LAW

Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, … demonstrate the absence of a genuine issue of material fact," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), and "the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a) (2015). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir. 1996) (citation omitted).

The burden then shifts to the non-moving party to demonstrate specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To do this, the non-moving party must present evidence sufficient to support a jury verdict in its favor. *Id.* at 249. "[F]actual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial." *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993). The parties may only carry their respective burdens by producing evidentiary proof in admissible form. Fed. R. Civ. P. 56(c)(1). The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

## ANALYSIS

Defendants rely in part on the Second Circuit's holding in *Jeffreys v. City of New York*,

426 F.3d 549 (2d Cir. 2005) in which the appellate court addressed the following question:

> whether the District Court erred in granting defendants' motion for summary
> judgment on the basis that Jeffreys's testimony—which was largely
> unsubstantiated by any other direct evidence—was "so replete with
> inconsistencies and improbabilities" that no reasonable juror would undertake
> the suspension of disbelief necessary to credit the allegations made in his
> complaint.

*Jeffreys*, 426 F.3d at 551 (internal citation omitted). The plaintiff had alleged that "New York

City police officers . . . assaulted him before throwing him out of a third-story window." *Id*. The

Court of Appeals held "that, in the circumstances presented—where Jeffreys relied almost

exclusively on his own testimony—the District Court did not err in concluding, in the course of

determining whether there were any 'genuine issues of material fact,' that no reasonable jury

could have credited Jeffreys's testimony." *Id*. Jeffreys had confessed to jumping from the third-

story window, but alleged in his complaint that it was police who threw him out of it. He also

reported that the police had beaten him into unconsciousness while he was still in the

building, and that is why he had no recollection of who threw him out the window. The defense

presented evidence from emergency medical personnel who stated Jeffreys had never been

unconscious. *Id*. at 552–53.

Unlike the situation in *Jeffreys*, where the plaintiff confessed that he had jumped from

the window, *id.* at 552 ("The record confirms, and Jeffreys does not dispute, that on at least

three occasions he confessed to having jumped out of the third-story window of the school

building."), in this case, Plaintiff does not state that he fabricated the story about his alleged

sexual assault by the corrections officer. As *pro bono* counsel points out, Plaintiff's rendition

of the events has remained constant, although as Defendants mention, he neglected to raise

it in a post-event interview. In view of the disputed facts, the Court may not grant summary judgment.

The case will proceed to trial on the claims asserted against Pinkert, Hopkins, Kuppinger, Coward and Monroe Medi-Trans, Inc. The only claim against the acting commissioner is one for injunctive relief prohibiting the New York Department of Corrections and Community Supervision from reassigning Plaintiff to Attica Correctional Facility. Second Am. Compl. ¶¶ 75–81, Jan. 31, 2017, ECF No. 15. The parties have not addressed that issue in the pending motions, and therefore, the Court does not determine as to whether an injunction is appropriate.

## CONCLUSION

The Court denies Defendants' applications for summary judgment, ECF No. 37 and ECF No. 38. The Court will issue a separate pretrial order setting the case for trial. The Court makes no decision regarding Plaintiff's allegations seeking injunctive relief.

IT SO ORDERED.

DATED:      November 30, 2018
            Rochester, New York

                                        */s/ Charles J. Siragusa*
                                        CHARLES J. SIRAGUSA
                                        United States District Judge